PER CURIAM.
We reverse the trial judge’s suspension of the father’s duty to pay support for his dependent son until “a loving father-son relationship has been reestablished with the complete cooperation and full participation by the son” and remand for entry of an order setting the amount of the father’s obligation of support.
We understand and are not in disagreement with what we perceive to have been the intent of the trial court in this-case. However, the condition as imposed is too vague and indefinite to adequately advise this sixteen year old son of his conduct which this condition may have been designed to dispel or dissuade, and, more importantly, it fails to describe the conduct with such particularity that this court can review it as a matter of law. Without attempting to delineate it, we recognize there may be conduct, on the part of a child who has reached an age of discretion of such disrespectful and contumacious character, directed toward the obligor parent, which justifies the trial court’s coercive suspension of the obligor parent’s duty of support during the time of the child’s willful persistence in such conduct.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP and COWART, JJ., concur.